HAMLIN, Justice:
We directed certiorari to the Court of Appeal, Fourth Circuit, in order that we might review its judgment in this matter which reversed the judgment of tlhe trial ■court; sustained an exception of peremption filed by intervenors, D. H. Holmes Company, Limited, and Mercier Realty and Investment Company; reinstated the ■decision of the Board of Zoning Adjustments, City of New Orleans; remanded the ■case; and dismissed the suit of plaintiffs, Vieux Carre Property Owners and Associates, Inc., William R. Goding, and Mrs. Artelle Kirk, Widow of W. R. Trelford, at their cost. Art. VII, Sec. 11, La. Const, of 1921; La.App. 197 So.2d 691; 250 La. 921, 199 So.2d 922.
The facts of record reflect that D. H. Holmes Company, Limited (hereinafter referred to as Holmes), Mercier Realty and Investment Company (hereinafter referred to as Mercier), and Mrs. Anna B. McFadden, who has now sold her property to Holmes, desired to erect a storage garage on their lots which collectively formed the corner of Iberville and Dauphine Streets in the H-2 Vieux Carre Commercial District of the City of New Orleans. On May 6, 1966, they addressed a letter to the City of New Orleans, Department of Safety & Permits, Board of Zoning Adjustments, City Hall, New Orleans, La., Re: D. H. Holmes Company Limited Parking and Retail Store Addition. They stated that relief was sought from the provisions of Article #XVIII — Section #3 (to permit an increase in height of this building) and Section #4 (to eliminate the open area). Comprehensive Zoning Ordinance, City of New Orleans, Ordinance 18,565 C.C.S. July 3, 1953, as amended. On May 9, 1966, Holmes, Mercier, and Mrs. McFadden filed with the Board of Zoning Adjustments an Application for Variation from the Requirements of the Zone Ordinance. The proposed erection was a storage garage on the properties known as Nos. 206-26 Dauphine Street — 825-841 Iberville Street. The notarized application was signed by the firms of Kessels, Diboll, Kessels, and Koch and Wilson, architects for the owners. The application also contained an affidavit of ownership. Opposition to the application for height variation was thereafter made *696 by the owners of Park Central Garage located within the vicinity of the proposed structure.
The Board of Zoning Adjustments issued a notice of hearing, which hearing was thereafter held on May 19, 1966, with protest being offered to the granting of the application. On June 16, 1966, the Board of Zoning Adjustments met and adopted a resolution granting the Application for Variation. The Board addressed a letter, June 22, 1966, to the architects Kessels, Di-boll, Kessels, and Koch and Wilson, informing them of the granting of the variation. Carbon copies were sent to a number of parties, including the owners of the property involved and the Vieux Carre Property Owners, plaintiffs herein.
On July 13, 1966, plaintiffs filed a petition in the Civil District Court for the Parish of Orleans, in which they alleged that they were aggrieved by the action of the Board of Zoning Adjustments and prayed for the issuance of a writ of certiorari ttnder the provisions of Section 6 or Article XXVII of the Comprehensive Zoning Ordinance, City of New Orleans, and LSA-R.S. 33 :- 4727. Named as defendants were: (1) The Board of Zoning Adjustments of the City of New Orleans, and the Honorable-Claude J. Kelly, Clavin J. Ferran, William. C. Osborne, Jr., C. E. Simmons, and David A. Kraus, Members thereof; (2) Honorable Albert G. Wyler, Director, Department of Safety and Permits, City of New Orleans; (3) The Department of Safety and Permits, City of New Orleans; (4) The City of New Orleans. Plaintiffs, prayed that defendants be served with a. notice of their petition. On July 12, 1966,. the day previous to the filing of the petition, for certiorari, Leon H. Rittenberg, Jr., attorney for plaintiffs, had addressed the-following letter to the Board of Zoning-Adjustments of the City of New Orleans, Director, Department of Safety and Permits,. City of New Orleans, Kessels, Diboll,. Kessels and Koch and Wilson, Architects,, and D. H. Holmes Co., Ltd.[1]:
“In Re: Docket 116-66 Zoning Variance— D. H. Holmes Co., Ltd.
“Gentlemen:
“Please be advised that the Vieux CarreProperty Owners and Associates, Inc.,. Mrs. Artelle Trelford, and Mr. William R. Goding intend to apply for a writ of certiorari to the Civil District Court for *698 the Parish of Orleans in the above referred to matter.”
The Civil District Court for the Parish of Orleans issued a writ of certiorari on July 13,1966. The Board of Zoning Adjustments was ordered to send up the record for review “to the end that the validity of said proceedings may be ascertained and that the action of the said Board may be reviewed.” The named defendants were served.
On August S, 1966, Holmes and Mercier filed a petition of intervention, setting forth their interests in the matter; their intervention was granted. In addition to answering, they filed exceptions of no right of action and no cause of action, in which they averred, “C. Defendants, Board of Zoning Adjustments and the members thereof, together with the Department of Safety and Permits cannot be made parties defendants hereto, and D. H. Holmes Co., Ltd. and Mercier Realty and Investment Company, the real parties at interest, were not made original defendants herein within the statutory delay of thirty (30) days.”
After hearing, the trial court rendered judgment. It overruled all exceptions filed in the case. The decision of the Board of Zoning Adjustments was reversed, insofar as it permitted the erection of a storage garage (including budget store and cafeteria) on the property herein involved exceeding fifty feet in height. In all other respects, the trial court affirmed the judgment of the Board of Zoning Adjustments.
Holmes and Mercier appealed to the Court of Appeal. Plaintiffs answered the appeals, praying that the judgment of the trial court be amended so as to reverse the decision of the Board of Zoning Adjustments quo ad the “open space” variation.
The Court of Appeal found that Holmes and Mercier were indispensable parties within the meaning of LSA-C.C.P. Article 641.[2] It then considered Section 6 of Article XXVII of the Comprehensive Zoning Ordinance of the City of New Orleans and the pertinent part of LSA-R.S. 33:4727, which recite:
“Any person or persons, or any officer,, department, commission, board, bureau,, or any other agency of the City of New Orleans jointly or severally aggrieved by any decision of the Board of Zoning Adjustments may present to the Civil District Court of the Parish of Orleans,. within thirty (30) days after filing of the decision in the office of the Board, a writ of certiorari asking for such relief and *700 under such rules and regulations as are provided for such matters in appropriate legislation of the State of Louisiana.” ■(Emphasis ours.) Sec. 6 of Art. XXVII, 'Comprehensive Zoning Ordinance, City of New Orleans.
“Any person or persons jointly or severally aggrieved by any decision of the board of adjustment, or any officer, department, board, or bureau of the municipality, may present to the district ■court of the parish or city in which the ■property affected is located a petition, ■duly verified, setting forth that the •decision is illegal, in whole or in part, specifying the grounds of the illegality. 'The petition shall be presented to the •court within thirty days after the filing ■of the decision in the office of the hoard. Upon the presentation of such petition the •court may allow a writ of certiorari ■directed to the hoard of adjustment to ■review the decision of the hoard of ■adjustment and shall prescribe therein the time within which a return may be made .and served upon the relator’s attorney, which shall be not less than ten days but which may be extended by the court. The .allowance of the writ shall not stay proceedings upon the decision appealed from “but the court may, on application, on notice to the board and on due cause shown, grant a restraining order. The hoard of adjustment shall not be required to return the original papers acted upon by it, but may return certified or sworn copies thereof or such portions thereof as may be called for by the writ. The return shall concisely set forth such other facts as may he pertinent and material to show the grounds of the decision appealed from and shall be verified. If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take additional evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or in part, or may modify the decision brought up for review. Costs shall not be allowed against the hoard unless it appears to the court that it acted with gross negligence, or in bad faith, or with malice in making the decision appealed from. All issues in any proceedings under this section shall have preference over all other civil actions and proceedings.” (Emphasis ours). LSA-R.S. 33:4727.
After consideration of the above law, the Court of Appeals concluded that plaintiffs’ cause of action had perempted. It stated, “The statutory 30 day peremption period elapsed without D. H. Holmes Company Limited and Mercier Realty and Investment Company having been made parties to the *702 action and when it elapsed plaintiffs’ cause of action no longer existed, and nothing by way of supplemental petition, amendment, intervention, waiver or anything else could revive it. * * * ”
As stated supra, we granted certiorari. This review shall be limited to the questions of whether Holmes and Mercier were indispensable parties to the petition for certiorari filed by plaintiffs in the Civil District Court, and whether plaintiffs’ cause of action perempted when Holmes and Mercier were not named as parties within thirty days after the filing of the decision of the Board of Zoning Adjustments in the office of the Board.
The instant law, supra, is sui generis. It pertains to special matters — zoning—and must be strictly construed. The Board of Zoning Adjustments is an administrative body which renders decisions. There is no provision in either Section 6 of Article XXVII of the Comprehensive Zoning Ordinance, City of New Orleans, or LSA-R.S. 33:4727, providing for a trial de novo of the matters heard before and decided by the Board of Zoning Adjustments. However, both provide for application for certiorari to the district court.
“Certiorari is in the nature of an appellate process; it is a method of obtaining review, as contrasted to a collateral assault. * * *
“ * * *
“The function of a writ of certiorari is to correct substantial errors of law committed by a judicial or quasi-judicial tribunal which are not otherwise reviewable by a court. Its purpose is to review the findings and acts of inferior tribunals and officers exercising judicial or quasi-judicial functions, in order to determine whether their jurisdiction has been exceeded, or to ascertain whether the evidence furnishes any legal and substantial basis for the decision of the inferior tribunal.
“ * * * ” 14 Am.Jur.2d Certiorari, Sec. 2 Nature and office of writ, pp. 778-779.
“Certiorari is an extraordinary writ offering a limited form of review, its principal function being to keep inferior tribunals within their jurisdiction.” 14 C.J.S. Certiorari § 2, p. 122.
“The Supreme Court, the Courts of Appeal, and each of the judges thereof, subject to review by the court of which he is a member, and each district judge throughout the State * * * may also, in aid of their respective jurisdictions, original, appellate, or supervisory, issue writs of * * * certiorari * * * and where any of said writs are refused, the appellate courts shall indicate the reasons therefor.” Art. VII, Sec. 2, La.Const. of 1921.
“Supervisory writs may be applied for and granted in accordance with the con *704 stitution and rules of the supreme court and other courts exercising appellate jurisdiction.” Art. 2201, Code of Civil Procedure.
“ * * * Primarily, the province of that writ is to 'pronounce on the validity of a judicial proceeding.’ * * * This writ is granted only in case 'the suit is to be decided in the last resort, and where there lies no appeal, by means of which proceedings absolutely void might be set aside,’ * * * ” State ex rel. Wells-Fargo Exp. Co., et al. v. Martin, Justice of the Peace, 48 La.Ann. 1249, 20 So. 729.
It follows that the Civil District Court for the Parish of Orleans acted as a reviewing court in an appellate capacity when it heard the writ of certiorari previously granted by it. Under LSA-R.S. 33:4727, it was permitted to take additional evidence for the proper disposition of the matter. Original jurisdiction was therefore in the Board of Zoning Adjustments and not in the district court.
When an aggrieved litigant in a lower tribunal — administrative body or trial •court — applies to a higher one for review through certiorari, he prays that the writ be directed to the lower tribunal. He also prays for amendment or reversal of the judgment of the lower tribunal. He does not name his adversaries as parties. Usually, he 'alleges that they have been notified of his action, and that a copy of his application has been served on opposing counsel. Our statutory law in some instances provides for the method of notification to adversaries or their counsel. Nowhere in Section 6 of Article XXVII of the Comprehensive Zoning Ordinance of the City of New Orleans or in LSA-R.S. 33:4727 are rules set out for notification.
Herein, on the day before the petition was filed in the Civil District Court, the architects for Holmes and Mercier and Holmes itself were notified by letter, supra, of plaintiffs’ intention to apply for certiorari. The record reflects that they knew that certiorari had been granted. Holmes and Mercier were permitted to intervene in the proceedings in the district court and they did so. As stated supra, they filed pleadings and were áctive in asserting their demands for variance; their position was thoroughly presented to the trial court. Under these circumstances, they are parties to these proceedings as intervenors.
We conclude that under the applicable law as written, supra, and the circumstances of the instant case, it was neither mandatory nor necessary that Holmes and Mercier be made parties-defendant to plaintiffs’ action. We do not find that they are indispensable parties. They are in the same position as any other parties in a case in which certiorari has been granted. The exception of peremption was improperly sustained, because peremption was not running against *706 plaintiffs. They had applied for certiorari within the time fixed by law.
For the reasons assigned, the judgment of the Court of Appeal, Fourth Circuit, is reversed and set aside. The matter is now remanded to the Court of Appeal for review on the merits. Costs of this Court to be borne by intervenors.

. In brief, plaintiffs-relators state: “However, tbe ‘Relators’ did not specifically designate ‘Intervenors’ as parties to their writ. ‘Relators’ did not consider this necessary nor the customary practice of tbe New Orleans Bar. ‘Relators’ served tbe ‘Intervenors’ architects, tbe actual zoning variance applicant, with notice of their intention to apply for writs. In addition, they served notice of intention to apply for writs upon Respondents, the Board of Zoning Adjustments, and also upon D. H. Holmes. Mercier was not served with such notice since petitioners did not know their address.”

. “Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless tbey are joined in the action.
“No adjudication of an action can be made unless all indispensable parties are joined therein.” LSA-C.C.P. Art. 641.