281 So.2d 293 (1973)
RIVER OAKS-HYMAN PLACE HOMEOWNERS CIVIC ASSOCIATION
v.
CITY OF NEW ORLEANS, Through the Honorable Moon Landrieu, Mayor et al.
No. 5821.
Court of Appeal of Louisiana, Fourth Circuit.
August 7, 1973.
Bluma F. Wolfson, New Orleans, for plaintiff-appellee.
Kent Satterlee, Jr. and Miles J. Blazek, Jr., of Satterlee & Mestayer, New Orleans, for intervenor-appellant.
A. D. Freeman, Jr., of Morphy, Freeman, Holbrook & Faulkner, New Orleans, for intervenors-appellants.
Joseph E. Berrigan, Jr., New Orleans, for defendants-appellees.
Before LEMMON, BAILES and FLEMING, JJ.

ON MOTION TO DISMISS
FLEMING, Judge.
This is a motion to dismiss intervenors' appeal lodged by the plaintiff-appellee on the basis that this court lacks jurisdiction under LSA-Const. art. 7 § 29 to consider same. Coupled with it is another motion, also by the plaintiff-appellee to dismiss the appeal of the City of New Orleans on the additional grounds that the city has no *294 right of action to appeal the judgment of the district court.
Plaintiff-appellee was aggrieved by a decision of the Board of Zoning Adjustments of the City of New Orleans. Pursuant to LSA-R.S. 33:4727 plaintiff filed writs of certiorari to the Civil District Court for the Parish of Orleans which, after a hearing, reversed the Board and granted judgment in favor of plaintiff. Intervenors in the matter as well as the City of New Orleans perfected a devolutive appeal to this court.
Appellee contends that this court has appellate jurisdiction only over matters of which the district court has exclusive original jurisdiction. La.Const, art. 7 § 29. Counsel further argues that the district court acted in an appellate capacity in ruling on plaintiff's writs of certiorari and therefore no appeal is afforded in this instance since the Board had exclusive original jurisdiction herein rather than the district court. State v. Board of Zoning Adjustments, 251 La. 691, 206 So.2d 74 (1968).
We are of the opinion that appellee's argument is not well founded.
In Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971), it was held that when a district court reviews a decision of an administrative body, it is exercising "exclusive original jurisdiction." Further it was held that:
"The appellate jurisdiction of our courts, Courts of Appeal or Supreme Court, is the only appellate judicial review of administrative matters now provided, and it is exercised after a district court adjudication and may be invoked as a matter of right under the pertinent sections of Article 7, unless the Constitution otherwise clearly provides to the contrary."
Certainly the Zoning Board is an Administrative Agency.
Although there is some language in State v. Board of Zoning Adjustments, supra, to the contrary, we are of the opinion that this is dicta. Moreover we note that in reversing a decision of the Court of Appeal, sustaining peremptory exceptions filed therein, the Supreme Court remanded the matter to the appellate court for review on the merits. This case like the one presently before us involved a decision of the Board of Zoning Adjustments of Orleans Parish which had come before the Civil District Court of Orleans Parish on writs of certiorari and which ultimately was appealed to this court. In remanding the matter to the Court of Appeal, we interpret the Supreme Court to have decided that the Court of Appeal was the court of proper jurisdiction to handle such an appeal.
Insofar as the City of New Orleans is concerned we are of the opinion that a right of action to appeal an adverse judgment of the lower court does exist. LSA-R.S. 33:4727 provides in part as follows:
"Any person or persons jointly or severally aggrieved by any decision of the board of adjustment, or any officer, department, board, or bureau of the municipality, may present to the district court of the parish or city in which the property affected is located a petition, duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality." (Emphasis added.)
Since there exists a right of action to proceed in the district court on the part of the city, as is obvious from the statute, then the right to appeal to this court also exists.
Appellee has argued that in effect it is the zoning board which is appealing although in the name of the city and that the Zoning Board has no right to proceed. We fully agree with appellee that the Zoning Board, being a quasi judicial body and having no legal interest in the outcome of the litigation, cannot appeal. State ex rel. Bringhurst v. Zoning Board of Appeal and Adjustment, 198 La. 758, 4 So.2d 820 (1941).
*295 However the Zoning Board is not the appellant herein. Appellant is the City itself which has a definite interest in the outcome of this and similar litigation.
Accordingly, the motion to dismiss lodged herein by the plaintiff-appellee seeking the dismissal of the appeals of intervenors and the City of New Orleans is hereby denied.
Motion denied.