BOWES, Judge.
Plaintiffs have taken this appeal from a judgment of the district court affirming the decision of the Zoning Appeals Board, permitting Emile Simoneaux, Jr., a height variance for a garage on his premises.
Emile H. Simoneaux, Jr., was denied a permit to build a combination garage and storage building in his back yard because the plans submitted exceeded the height limitation for accessory buildings established in the Comprehensive Zoning Ordinance of Jefferson Parish. Mr. Simoneaux then applied to the Zoning Appeals Board for a height variance of eight feet. After the first hearing, the Board voted to inspect the property and scheduled a second hearing. At this time, according to the testimony, the Board suggested to Mr. Si-moneaux that he present plans for his building at a height of eighteen feet, which would require a five-foot variance. At the next meeting, Mr. Simoneaux presented plans for a building seventeen feet in height, and requiring a variance of four feet. Amid protests made by Messrs. Chauvin and Barkman, the variance was granted. Plaintiffs appealed this decision to the District Court, along with a petition to the court that an injunction issue prohibiting Mr. Simoneaux from constructing the garage. An exception of improper cumulation of actions was filed and maintained, with the trial court ordering separate trials for the injunction proceedings and the appeal. The injunction was denied, which denial is not on appeal before us.
As a result, Mr. Simoneaux was not a party to the suit at bar. After a trial on the merits, the Court affirmed the decision of the Zoning Appeals Board.
After this appeal was perfected, the defendant Board filed an exception of no right of action, alleging that plaintiff William Chauvin has sold his home. Because he no longer owns the adjoining property, defendant contends Chauvin has no further right of action to proceed in this action, and the action as to him is now moot. As the exception was properly pleaded under C.C.P. article 2163, the defendant submitted copies of the act of sale on the property in question, and the exception remains unopposed by plaintiff even after oral argument by defendant, we maintain the exception and dismiss the action as to William Chauvin.
The remaining appellant urges that the trial court erred in concluding that the plaintiffs “failed to carry their burden of showing that the Board acted arbitrarily or capriciously and in failing to find that the Board exceeded its authority in granting the variance in question.” In addition to requesting a reversal of the trial court’s finding, appellant also argues that, this Court must order the removal of the offending structure, and/or for damages under C.C.P. article 2161. However, inasmuch as Mr. Simoneaux is not a litigant in the present matter, this Court has no authority to annex him as a party or issue orders to him.
Mr. Barkman is, and Chauvin was, each neighbors (in the narrow sense) of Mr. Si-moneaux. Mr. Simoneaux approached them and many other residents of the neighborhood with plans for his garage prior to his appearance before the Zoning Appeals Board. With the exception of plaintiffs, no one registered any objection and, in fact, most approved of the project.
Barkman and Chauvin are abutting property owners — their back yards are separated from Simoneaux’s by a seven foot fence — and the garage would be set back three feet from the property line. The testimony at trial established the appellants were basically concerned that the esthetic value of their homes would be diminished — they didn’t want to look at this garage every time they went into their yards. There was no real question of an intrusion of privacy, since Simoneaux had agreed not to put windows at the rear of the building. Obstruction of light and air was also mentioned but was not the primary concern.
Appellant argues that the major is-, sue to be overcome on appeal is whether or not Simoneaux proved hardship, as re *1239 quired by the Comprehensive Zoning Ordinance of Jefferson Parish.[1] At trial, a Board member, Mr. Frank, testified that the Board had found that the requirement of hardship had been met,' and therefore the variance was granted. Although the judgment does not specifically reflect such a finding, it is apparent that the trial judge also believed the issue of hardship had been satisfied. Under the facts and circumstances of this case, we cannot say that such is manifestly erroneous so as to disturb the trial court’s finding. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
It is fundamental that zoning laws are in derogation of private ownership and must be strictly construed in favor of the property owner. Wright v. DeFatta, 152 So.2d 10 (La.1963). Each case must be decided on facts peculiar to it and no general rule can be formulated as to what constitutes hardship or unusual and practical difficulties sufficient to authorize grant of a variance. All relevant factors must be considered. State ex rel. Maple Area Residents, Inc. v. Board of Zoning Adjustments, 365 So.2d 891 (La.App. 4th Cir.1978). The Court must afford a rebuttable presumption of regularity to the Board’s decision. Gertler v. City of New Orleans, 346 So.2d 228 (La.App. 4th Cir.1977). The Court is obliged to affirm the decision unless there is a clear abuse of discretion by the Board. Coliseum Square Association, Inc. v. Board of Zoning Adjustments, 374 So.2d 177 (La.App. 4th Cir.1979), with the burden of proof on the complaining party. State ex rel. Maple Area Residents, supra.
“Although, on one hand, we might disagree with the Board’s findings and, on the other hand, ascribe no manifest error to those findings of the district judge, we are obliged to sustain the Board’s conclusions unless the weight of the evidence in its entirety so strongly preponderates against such conclusions that it compels us to find an abuse of discretion on the part of the Board.” Coogan v. Parish of Jefferson, 381 So.2d 1320 (La.App. 4th Cir.1980).
Following the above standards of review, we do not find such a strong preponderation of the evidence against the Board’s findings such as to compel us to find an abuse of discretion. Considering all the relevant factors presented in the record of this case, we hold that plaintiff did not carry his burden of proof. Accordingly, the decision of the trial court is affirmed. Costs of this appeal are taxed to the appellant.
AFFIRMED.

. C. The Board shall have the authority to GRANT THE FOLLOWING VARIANCES:
1. Permit a variance in the yard requirements, height restrictions, or lot-area-per-family requirements of any district, but only where there are unusual or practical difficulties or unnecessary hardships in the carrying out of these provisions due to an irregular shape of the lot, or topographical conditions, provided such variance will not seriously affect any adjoining property or the general welfare.