466 So.2d 616 (1985)
Lewis and Mary LANDRY
v.
Peter SCHNECKENBERGER, Regulatory Director For the City of Harahan and Board of Appeals of the City of Harahan.
No. 84-CA-383.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
Writ Denied May 13, 1985.
James J. Donelon, Donelon & Donelon, Kenner, for plaintiffs-appellants.
Michael G. Fanning, City Atty., Harahan, for defendants-appellees.
Before BOUTALL, KLIEBERT and CURRAULT, JJ.
*617 CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division "M", Parish of Jefferson, wherein the Honorable Robert J. Burns granted judgment in favor of defendants, affirming the decision of Harahan's Board of Adjustment granting a certain building permit, stating that such zoning authority did not clearly abuse its discretion. We affirm.
Mr. Russell Fresh owns a house located at 26 Glenwood Avenue, Harahan, Louisiana. Mr. Fresh's house is a "non-conforming" structure, that is, it existed prior to the enactment of the zoning ordinances for the municipality in which it is situated. The house was damaged by fire and Mr. Fresh proposed certain restorations and renovations that would include adding 900 square feet to the original "non-conforming" structure.
On June 28, 1983, Mr. Schneckenberger, Regulatory Director for the City of Harahan, issued a building permit to Mr. Russell Fresh for the proposed restoration and new construction. Subsequently, Lewis and Mary Landry, owners of the property located at 24 Glenwood Avenue, appeared before Harahan's Board of Adjustment arguing that the issued permit was in violation of the Harahan Zoning Ordinances.
On October 26, 1983, the Board of Adjustment rendered a final decision ruling that the building permit in question was not in violation of Harahan Zoning Ordinance No. 279. Mr. and Mrs. Landry, plaintiffs, filed a timely appeal in the Twenty-Fourth Judicial District Court against Peter Schneckenberger, Regulatory Director, and the Board of Adjustment seeking a reversal of defendants' decision.
On April 10, 1984, the district court rendered judgment in favor of defendants, finding no clear abuse of discretion. Plaintiffs have appealed[1] asserting the following errors:
that (1) the Board of Adjustment erred when it ruled, in conformity with Schneckenberger's opinion, that the requested building permit did not require a variance; that
(2) the district court erred in maintaining the decision of the Board of Adjustment; and that
(3) the district court erred in failing to have a hearing on the review of the Board's decision, choosing instead to render a judgment based on the law and submitted memoranda.
On appeal, appellants argue that they are entitled to a trial de novo and that this court should remand this matter so that a complete trial may be had. The basis for their argument stems from the fact that the trial judge was ill and unable to sit on the date this matter was set for trial. The minute entry for that date states the following, "Plaintiff given until March 12 to submit memoranda, then defendant given ten days (March 22) to respond." Both parties timely filed their memoranda with neither party objecting to the lack of opportunity to present witnesses or additional evidence.
There is a presumption that all administrative determinations are reviewable by the court and that this review is an original judicial action which is not only favored, but must be preserved. LSA-Const. Art. 1 § 22; Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971). (But see, State v. Board of Zoning Adjustments, *618 251 La. 691, 206 So.2d 74 (1968). This view of district courts having original jurisdiction over administrative decisions has been adopted by our brothers of the Courts of Appeal, Fourth and Third Circuits, River Oaks-Hyman Pl. H. Civ. A. v. City of New Orleans, 281 So.2d 293 (La.App. 4th Cir. 1973); and Magnum Corporation v. Dauphin, 293 So.2d 582 (La.App. 3d Cir.1974), respectively. There is no question appellants, aggrieved by the Board of Adjustment's decision, were entitled to a trial de novo of that decision. However, under the circumstances of this case, we believe that the matter was submitted on memoranda as evidenced by the minute entry and neither party timely objected to that submission.
Had the trial court felt the record was insufficient and additional evidence necessary, it was certainly within its discretion to either take such evidence or appoint a referee to do so. LSA-R.S. 33:4727. However, the trial court obviously felt the record was sufficient as the alternatives offered by LSA-R.S. 33:4727 were never employed and judgment was rendered shortly after the matter was submitted.
This court in Barkman v. Zon. App. Bd. of Jefferson Parish, 442 So.2d 1237, 1239 (La.App. 5th Cir.1983) articulated the law governing appellate review of zoning appeals as follows:
It is fundamental that zoning laws are in derogation of private ownership and must be strictly construed in favor of the property owner. Each case must be decided on facts peculiar to it and no general rule can be formulated as to what constitutes hardship or unusual and practical difficulties sufficient to authorize grant of a variance. All relevant factors must be considered. The Court must afford a rebuttable presumption of regularity to the Board's decision. The Court is obliged to affirm the decision unless there is a clear abuse of discretion by the Board, with the burden of proof on the complaining party. (Citations omitted)
We are further guided by the standard of review in Gertler v. City of New Orleans, 346 So.2d 228, 239 (La.App. 4th Cir.1977):
Although, on one hand, we might disagree with the Board's findings and, on the other hand, ascribe no manifest error to those findings of the district judge, we are obliged to sustain the Board's conclusions unless the weight of the evidence in its entirety so strongly preponderates against such conclusions that it compels us to find an abuse of discretion on the part of the Board.
Appellants contend that the actions of the Regulatory Director for the City of Harahan and the Board of Adjustment of the City of Harahan constitute "a clear abuse of discretion" in that they blatantly ignored their own zoning ordinances. Those ordinances, in particular, are: Article 3, Subsection 6(a); Article 3, Subsection 7(a)(3); and Article 3, Subsection 7(b)[2]. However, the question on review is whether or not plaintiffs adequately carried their burden of proof such that would necessitate a finding of "clear abuse." We think not.
*619 Following the above standards of review, we do not find that either such a strong preponderance of the evidence against the Board's finding which would compel us to find an abuse of discretion or that the trial court was clearly wrong under the facts of the case. Canter v. Koehring Co., 283 So.2d 716 (La.1973). Considering all the relevant factors presented in the record of this case, including pertinent zoning ordinances, we agree plaintiffs did not carry their burden of proof.
Accordingly, the decision of the trial court is affirmed with all costs to be paid by appellants.
AFFIRMED.
NOTES
[1] Concerned about the proper procedure to be employed when applying for further review in cases where the parties have been afforded administrative appeals and prior judicial consideration, this court, by its motion, ordered both parties to respond to the following issues questioning the scope of review mandated in this case:

(1) Whether the proper method of review, in zoning cases, is by appeal or by an application for supervisory relief; and
(2) Whether the scope of review is limited solely to questions of law or does it also encompass inquiry into the factual findings of the district court and the administrative boards of the City of Harahan.
After complete review of those issues, the rule was dismissed based on a finding of jurisdiction.
[2] Zoning Ordinances, City of Harahan, Louisiana; Article IIIGeneral Provisions:

6. Zoning Affects Every Building and Use:
a. No building or land shall hereinafter be used and no building or part thereof shall be erected, reconstructed, converted, moved, or structurally altered unless in conformity with the regulations as set forth in this Ordinance; with the exception of legal nonconforming buildings destroyed by fire, storm, or other acts of God or the public enemy, provided the restoration is accomplished with no increase in cubical content and no increase in floor area over the building existing immediately prior to damage.
7. Non-Conforming Uses:
a. Any building existing at the time of enactment or subsequent amendment of this Ordinance, but not in conformity with its provisions, may be continued with the following limitations. Any building which does not conform with this ordinance may not be: * * * (3) Extended except in conformity to this Ordinance.
b. Any building which does not conform to this Ordinance may be maintained in its existing use, providing such maintenance cost does not exceed one-tenth of its fair sales value at that time.