489 So.2d 329 (1986)
Mr. and Mrs. Hilaire LANAUX
v.
CITY OF NEW ORLEANS, BOARD OF ZONING ADJUSTMENTS.
No. CA-4535.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
*330 Stone, Pigman, Walther, Wittmann & Hutchinson, Katherine Conklin, David Marcello, New Orleans, for intervenor-appellant.
Augustine, Bagert, McConduit & Hilferty, Brod Bagert, New Orleans, for defendant-appellee.
Reuter, Reuter, Reuter & Pizza, Arthur C. Reuter, Jr., New Orleans, for plaintiffs-appellees.
Before GARRISON, BYRNES and WARD, JJ.
WARD, Judge.
This is an appeal from a judgment of the District Court dated June 17, 1985, reversing a decision of the Board of Zoning Adjustment for the City of New Orleans (BZA), and ordering the removal of a ten-foot tall fence along the side of Howard T. Barnett's property, separating it from that of Mr. and Mrs. Hilaire Lanaux. We reverse and remand.
Intervenor-appellant Barnett made extensive renovations to his home on Audubon Boulevard, including the erection of a ten-foot tall fence on three sides of his rear yard. A ten-foot fence along the rear of Barnett's property is acceptable under the New Orleans Comprehensive Zoning Ordinance because his property abuts Tulane University. However, the maximum height allowed for side fences on the property is seven feet. Barnett was notified of the zoning violation by the Department of Safety and Permits, and on December 20, 1984, he applied to the BZA for a variance from the zoning requirements. After two public hearings and an on-site inspection by a BZA member, the variance was granted on February 11, 1985 over the opposition of Barnett's neighbors, Mr. and Mrs. Hilaire Lanaux.
Mr. and Mrs. Lanaux applied to the District Court for a writ of certiorari, claiming that the BZA "acted in an arbitrary, capricious and improper manner" in granting the variance. The writ was granted, and the matter was heard on May 24, 1985. The parties represented at the hearing were the Lanauxes and the City of New Orleans, Board of Zoning Adjustment. Barnett was not made a party to the proceeding, nor was he notified that the variance was being challenged. The Trial Judge found that the BZA had acted arbitrarily and capriciously. Contrary to its mandate, the BZA did not record written reasons for its decision to grant the variance. The Trial Judge, in very thorough written reasons, found that the BZA should have denied the request for a variance, and he reversed its ruling.
The City of New Orleans appealed. After being informed that his variance had been revoked, Barnett intervened in the appeal. Both the City and Barnett allege that the Trial Court erred in finding that the BZA had acted arbitrarily and capriciously. Barnett also alleges that the Trial *331 Court should not have proceeded in his absence because he was an indispensable party to the challenge to the variance. We agree that Barnett was an indispensable party, and so do not reach the other allegations of Trial Court error.
We first note that the exception for nonjoinder of an indispensable party can be raised at any time, including on appeal. La.C.C.P. art. 927; State, Through Department of Highways v. Lamar Advertising Company of Louisiana, Inc., 279 So.2d 671, 674 (La.1973).
The first issue that must be resolved is the nature of the proceeding at the Trial Court. In State ex rel. Vieux Carre Property Owners and Associates, Inc. v. Board of Zoning Adjustments, 251 La. 691, 206 So.2d 74 (1968), the Supreme Court found that the Orleans Civil District Court "acted as a reviewing court in an appellate capacity when it heard the writ of certiorari" in a zoning case quite similar to the instant appeal. 206 So.2d at 78. Consequently, the Court held that no adversarial parties need be named or notified.
However, three years after Vieux Carre was handed down, the Supreme Court implicitly overruled it in Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971). In Bowen the Court was faced, not with a zoning matter, but with an unemployment compensation case. Speaking broadly of judicial review of administrative actions, and without acknowledging Vieux Carre, the Court emphatically stated that a District Court's review "was not a judicial appeal, but rather an invocation of original judicial jurisdiction." 253 So.2d at 205 (emphasis in original).
Subsequent decisions of this and other Courts of Appeal have applied Bowen, rather than Vieux Carre, to zoning cases. See, e.g., Central Metairie Civic Association v. Parish of Jefferson, 478 So.2d 1298 (La.App. 5th Cir.1985); Landry v. Schneckenberger, 466 So.2d 616 (La. App. 5th Cir.), writ denied 468 So.2d 577 (La.1985); Gertler v. City of New Orleans, 346 So.2d 228 (La.App. 4th Cir.), writ denied 349 So.2d 885 (La.1977), cert. denied 434 U.S. 1068, 98 S.Ct. 1248, 55 L.Ed.2d 770 (1978); Magnum Corporation v. Dauphin, 293 So.2d 582 (La.App.3d Cir.), writ denied 295 So.2d 813 (La.1974); River Oaks-Hyman Place Homeowners Civic Association v. City of New Orleans, 281 So.2d 293 (La.App. 4th Cir.1973). We find, therefore, that the challenge to the grant of a zoning variance is an action invoking the original jurisdiction of the trial court.
The final question that must be resolved is whether Barnett is an indispensable party to such a proceeding. The Supreme Court has stated that "parties should be deemed indispensable only when that result is absolutely necessary to protect substantial rights." Lamar, 279 So.2d at 677. A variance from zoning regulations is applied to a particular propertyin this case, Barnett's. Should the variance be revoked, the burden of removal or alteration of the fence will, of course, fall upon Barnett; his "substantial rights" in the ownership of the fence can be protected only if he is informed of challenges to his right to construct a fence and offered the opportunity to defend his facially valid variance. Hence, Barnett, is a truly indispensable party in this case. The City may wish only to defend the procedures followed by the BZA, choosing not to defend the merits of the underlying claim. Barnett will, we presume, vigorously defend any challenge to the variance. Even if he ultimately chooses not to participate, however, due process demands that he still be given an opportunity to do so. See State v. Mitchell, 337 So.2d 1186 (La.1976).
We therefore hold that the owner of property benefited by a variance is an indispensable party to a judicial proceeding challenging the validity of that variance.
We reiterate that we express no opinion as to the validity of the variance in this case. The Trial Court may or may not again find that the BZA acted arbitrarily. We hold only that Barnett must be a party to that proceeding.
The proper action "to be taken when an appellate court notices the absence of indispensable *332 parties is to remand the case to the trial court for the joinder of the indispensable parties and a retrial of the case." Blanchard v. Naquin, 428 So.2d 926, 928 (La.App. 1st Cir.), writ denied 433 So.2d 162 (La.1983).
For the foregoing reasons the judgment of the Trial Court is reversed, and the matter remanded for further proceedings consistent with this opinion. The costs of this appeal are to be divided among the Lanauxes, the City of New Orleans, and Barnett.
REVERSED AND REMANDED.