STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0658

**JOHNETTE MARTIN**

**VERSUS**

**BOARD OF ADJUSTMENT, THROUGH ITS CHAIRMAN,
THE CITY/PARISH OF EAST BATON ROUGE**

Judgment Rendered:  **FEB 2 3 2024**

\* \* \* \* \* \* \*

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court Docket Number C718903, Division J

Hon. Trudy M. White, Judge Presiding[1]

\* \* \* \* \* \* \*

| | |
|---|---|
| Johnette Martin<br>Baton Rouge, Louisiana<br>and<br>Henry W. Kinney<br>New Orleans, Louisiana | Counsel for Plaintiff/Appellant,<br>Johnette Martin |
| Anderson O. Dotson, III<br>*Parish Attorney*<br>Maimuna D. Magee<br>Paola Messina<br>Gwendolyn K. Brown<br>*Special Assistant Parish Attorneys*<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee,<br>City/Parish of East Baton Rouge |
| Brad M. Boudreaux<br>Stephen R. Vick, Jr.<br>Baton Rouge, Louisiana | Counsel for Defendants/Appellees,<br>Richelle DeCuir and Ronald DeCuir |

\* \* \* \* \* \* \*

**BEFORE:  THERIOT, PENZATO, AND GREENE, JJ.**

---

[1] Judge Trudy M. White presided over the hearing on the merits of appellees' exceptions and signed the judgment at issue in this appeal.  However, Judge Colette M. Greggs now presides over Division J of the 19th Judicial District Court (JDC).

**PENZATO, J.**

Johnette Martin appeals from a judgment signed on March 2, 2023, that, in part, sustained a peremptory exception of no cause of action filed by Ronald and Richelle DeCuir, and dismissed the DeCuirs from this proceeding with prejudice.[2] For reasons set forth below, we affirm this portion of the judgment.[3]

## FACTS AND PROCEDURAL HISTORY

Johnette Martin filed a petition in the trial court, seeking review and reversal of the decision of the Board of Adjustment for the City of Baton Rouge and Parish of East Baton Rouge (City/Parish), which granted a zoning variance to the DeCuirs. According to the petition, Ms. Martin and the DeCuirs own property in the same subdivision in Baton Rouge, Louisiana. Ms. Martin alleged that the DeCuirs installed a fourth driveway on their property without first obtaining a permit. After the work was complete, the DeCuirs petitioned the Board to grant a variance from the applicable zoning ordinance. Ms. Martin alleged that, although the DeCuirs' application was deficient, the Board approved the variance request, allowing the "non-conforming" driveway to remain. Ms. Martin named the Board and the City/Parish as defendants.[4] Ms. Martin subsequently filed an amending and supplemental petition adding the DeCuirs as defendants.

---

[2] On February 28, 2023, the trial court signed a judgment sustaining exceptions filed by the City of Baton Rouge and Parish of East Baton Rouge. On April 28, 2023, Ms. Martin timely filed a motion and order for appeal, seeking to appeal the February and March judgments. The trial court signed an order, granting an appeal as requested; however, the clerk of court for the 19th JDC only issued a notice of appeal for the March 2, 2023 judgment. Consequently, this court issued a notice of lodging for the March 2, 2023 judgment only. Although Ms. Martin raised assignments of error concerning the February 28, 2023 judgment, this judgment is not presently before this court in this appeal.

[3] The DeCuirs also raised a peremptory exception of improper cumulation of actions. *See* La. C.C.P. art. 926(A)(7). The March 2, 2023 judgment sustained this exception and dismissed Ms. Martin's claims against the DeCuirs. This portion of the judgment is silent as to whether the claims were dismissed with or without prejudice; therefore, the dismissal on this exception must be without prejudice. *See Collins v. Ward*, 2015-1993 (La. App. 1st Cir. 9/16/16), 204 So.3d 235, 239. Ms. Martin did not assign as error this portion of the judgment; therefore, we take no action on this portion of the judgment. However, we note that the judgment on the DeCuirs' exception of no cause of action is not rendered moot by the granting of the exception of improper cumulation and resultant dismissal of the DeCuirs without prejudice.

[4] The petition named the City of Baton Rouge, without expressly naming the Parish of East Baton Rouge. However, the consolidated government of the City of Baton Rouge and Parish of East Baton Rouge made an appearance and filed the instant exceptions.

Through her petitions, Ms. Martin sought the following relief: (1) a writ of certiorari and issuance of a writ of mandamus ordering the Board to submit the official record of the DeCuirs' application, the recording of the hearing, and all evidence the Board relied upon to grant the variance; (2) review of the Board's decision and a finding that the Board was arbitrary and/or capricious and/or abused its discretion in granting the variance; (3) reversal of the Board's decision and issuance of a writ of mandamus, ordering the Board and the City/Parish to require the DeCuirs to comply with the zoning ordinance; and (4) alternatively, a finding of inadequate notice of the hearing wherein the Board considered the DeCuirs' application and remand to the Board for a new hearing.

In response to the amended petition, the DeCuirs raised a peremptory exception of no cause of action. *See* La. C.C.P. art. 927(A)(5). The DeCuirs maintained that Ms. Martin appealed the Board's decision to the trial court pursuant to La. R.S. 33:4727, which does not grant a cause of action against the landowner who sought the variance. Thus, the DeCuirs argued that Ms. Martin had no legal basis to assert a claim against them.

Ms. Martin opposed the exception, and a contradictory hearing was held on February 13, 2023. In a judgment signed on March 2, 2023, the trial court sustained the DeCuirs' exception, finding Ms. Martin has no cause of action against the DeCuirs and dismissing the DeCuirs with prejudice.

Ms. Martin filed the instant appeal, asserting that the trial court erred as a matter of law by dismissing the DeCuirs, who she maintains are "indispensable parties," i.e., parties needed for a just adjudication pursuant to La. C.C.P. art. 641.

## DISCUSSION

Appellate courts review a judgment sustaining a peremptory exception raising the objection of no cause of action *de novo*. *Truitt v. West Feliciana Parish Government*, 2019-0808 (La. App. 1st Cir. 2/21/20), 299 So.3d 100, 103. All facts pled in the petition must be accepted as true. The issue at the trial of the exception

3

of no cause of action is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought and whether the law affords a remedy on the facts alleged in the petition. See Truitt, 299 So.3d at 103.

Ms. Martin's factual allegations against the DeCuirs are limited to her assertions concerning their installation of a fourth driveway and the Board's approval of the DeCuirs' request for a zoning variance. It is evident from the face of Ms. Martin's amending and supplemental petition, wherein the DeCuirs were added as defendants, that the relief she seeks is grounded in La. R.S. 33:4727 and the Unified Development Code ("the Code"), which governs the use of all premises in the City/Parish.

Louisiana Revised Statutes 33:4727(E) provides an appeal process to review a decision by a board of adjustment:

> (1) Any person...aggrieved by any decision by the board of adjustment of any officer, department, board, or bureau of the municipality, may present to the district court...a petition, duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality[.]
>
> (2) Upon the presentation of such petition the court may allow a writ of certiorari directed to the board of adjustment to review the decision of the board of adjustment[.]
>
> (3) The board of adjustment shall not be required to return the original papers acted upon by it, but may return certified or sworn copies thereof or such portions thereof as may be called for by the writ. The return shall concisely set forth such other facts as may be pertinent and material to show the grounds of the decision appealed from and shall be verified.
> * * * *
> (5) The court may reverse or confirm, wholly or in part, or may modify the decision brought up for review[.]

The Code also provides that any person aggrieved by the Board's decision may appeal to the 19th JDC within 30 days after the decision.

On appeal, Ms. Martin does not contend that La. R.S. 33:4727 or the Code grant a cause of action against the DeCuirs and states that she "has no desire to make the DeCuirs parties to the instant matter."[5] Ms. Martin asserts that she was

---

[5] Ms. Martin asserts that her petition "shows a cause of action against the DeCuirs under the broad tenets of property rights" and asserts that her challenge to the variance is a "direct challenge" to the DeCuirs' property rights. To the extent Ms. Martin argues that protection of the DeCuirs' property rights gives rise to a cause of action against them, this argument lacks merit.

4

"constrained" to name the DeCuirs as defendants because they are "indispensable parties" and their presence in the proceeding is needed to protect her own right to enforce a judgment reversing the "invalid variance and/or permit" granted by the Board and to protect the DeCuirs' due process rights. The DeCuirs assert that neither La. R.S. 33:4727 nor the Code require their participation in Ms. Martin's appeal of the Board's decision to grant their variance request.

Louisiana Code of Civil Procedure art. 641 states that a person shall be joined as a party in the action when either:

> (1) In his absence complete relief cannot be accorded among those already parties.
> (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
> > (a) As a practical matter, impair or impede his ability to protect that interest.
> > (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

Before Article 641 was amended in 1995, necessary and indispensable parties were distinguished.[6] Indispensable parties to an action were those whose interests in the subject matter were so interrelated, and would be so directly affected by judgment, that a complete and equitable adjudication of the controversy could not be made unless they were joined in the action. The 1995 amendments eliminated the categories of indispensable and necessary parties in favor of a single category of "parties needed for just adjudication." *The Recreation and Park Commission for the Parish of East Baton Rouge v. Sid J. Gautreaux, III, in his Capacity as Sheriff of East Baton Rouge Parish*, 2023-0316 (La. App. 1st Cir. 12/27/23), --- So.3d ---, ---, 2023 WL 8905980, *5.

In *State ex rel. Vieux Carre Property Owners & Associates, Inc. v. The Board of Zoning Adjustments of City of New Orleans*, 251 La. 691, 701, 206 So.2d 74, 77 (1968), the plaintiffs filed a petition with the trial court, seeking a writ of

---

[6] Louisiana Code of Civil Procedure articles 641 through 646 were amended by 1995 La. Acts No. 662, §1.

5

certiorari pursuant to La. R.S. 33:4727 and the City of New Orleans zoning ordinances and reversal of the Board of Adjustments' decision to grant the property owners' variance request. The Louisiana Supreme Court held that it was neither mandatory nor necessary that the property owners who requested the variance be made defendants to the plaintiffs' action – they were not indispensable parties pursuant to then-Article 641. *Vieux Carre Property Owners*, 251 La. at 704, 206 So.2d at 79. The supreme court noted that a board of adjustment is an administrative body that renders decisions. There was no provision in either the zoning ordinances for the City of New Orleans or La. R.S. 33:4727 providing for a trial *de novo* of the matters heard before and decided by the City of New Orleans Board of Zoning Adjustments.[7] *Vieux Carre Property Owners*, 251 La. at 701, 206 So.2d at 77.

When an aggrieved litigant in a lower tribunal (an administrative body or trial court) applies to a higher one for review through certiorari, he prays that the writ be directed to the lower tribunal. He also prays for amendment or reversal of the judgment of the lower tribunal. He does not name his adversaries as parties. *Vieux Carre Property Owners*, 251 La. at 703, 206 So.2d at 78. The supreme court also noted that the property owners were notified that the plaintiffs intended to file a writ of certiorari and intervened in the proceeding in the trial court. *Vieux Carre Property Owners*, 251 La. at 704, 206 So.2d at 78.

---

[7] Instead, the trial court acts as a reviewing court in an appellate capacity when it hears a writ of certiorari previously granted by it. Original jurisdiction was, therefore, in the Board of Zoning Adjustments, not in the trial court. *Vieux Carre Property Owners*, 251 La. at 703, 206 So.2d at 78. We note that in *Bowen v. Doyal*, 259 La. 839, 853, 253 So.2d 200, 205 (1971) the supreme court, speaking broadly of judicial review of administrative actions, stated that a trial court's review was not a judicial appeal, contrary to the holding in *Vieux Carre Property Owners*, but was an invocation of original judicial jurisdiction. However, it was subsequently recognized in *Loop, Inc. v. Collector of Revenue*, 523 So.2d 201, 203 n.1 (La. 1987), that *Bowen* was decided under the 1921 Louisiana Constitution. Under the 1974 Louisiana Constitution, a legislative act establishing procedures for a trial court's review of an administrative tribunal decision should be considered to be a law providing the trial court with appellate jurisdiction. Courts have more recently stated that trial courts have "original jurisdiction" to review a decision of an administrative body. *See Saer v. City of New Orleans*, 2022-0176 (La. App. 4th Cir. 9/16/22), 349 So.3d 624, 628, *writ denied*, 2022-01537 (La. 12/6/22), 351 So.3d 363. Nevertheless, the trial court in this instance functions as a reviewing court, and we find the reasoning and holding in *Vieux Carre Property Owners*, 251 La. 691, 206 So.2d 74 apply to the issues raised in this appeal.

Similarly, Ms. Martin, aggrieved by the decision of a lower tribunal, the Board, applied to a higher court, the trial court, for a review through certiorari and prayed that the writ be directed to the Board and that the Board's decision be reversed. The DeCuirs, Ms. Martin's "adversaries," are not needed for a just adjudication, and she has no cause of action against them pursuant to La. R.S. 33:4727 or the Code. Additionally, the DeCuirs were notified of Ms. Martin's petition for writ of certiorari and her efforts to reverse the Board's decision granting the requested variance. Nevertheless, the DeCuirs chose not to participate in the proceeding and, instead, sought to be dismissed by filing the instant exception. The DeCuirs will not be forced to remain in the litigation where no cause of action has been asserted against them. *See Crooks v. State through Department of Natural Resources*, 2021-716 (La. App. 3d Cir. 5/29/22), 343 So.3d 248, 270-71, *writ denied,* 2022-01168 (La. 11/1/22), 349 So.3d 2 (noting that parties who opted out of a class action would not be forced to join in the litigation.) *See also Lanaux v. City of New Orleans, Board of Zoning Adjustments*, 489 So.2d 329, 331 (La. App. 4th Cir. 1986) (Even if the landowner ultimately chooses not to participate, due process demands that he be given an opportunity to do so.)[8] The demands of due process have been satisfied here.

We likewise find no merit in Ms. Martin's assertion that the DeCuirs must remain in the suit to protect her enforcement rights in the event a final judgment is rendered reversing the Board's decision to grant the DeCuirs' requested variance. In this proceeding, brought for the purpose of determining whether the Board's decision was arbitrary and capricious and/or an abuse of discretion, Ms. Martin may be afforded complete relief available to her through La. R.S. 33:4727(E)(5) – a finding that the Board erroneously granted the zoning variance – in the DeCuirs'

---

[8] In *Lanaux*, 489 So.2d at 330-31, cited by Ms. Martin, the court held that the landowner who sought the zoning variance was an indispensable party pursuant to Article 641. Unlike the DeCuirs, the landowner in *Lanaux* was not notified of the challenge to the variance and eventually intervened, asserting an interest in the proceeding. *See* La. C.C.P. art. 1091.

absence. *See* La. C.C.P. art. 641(1); *Maymar Engineers & Contractors, L.L.C. v. City of New Orleans*, 2022-0567 (La. App. 4th Cir. 4/11/23), 360 So.3d 149, 152, *writ denied*, 2023-00673 (La. 9/19/23), 370 So.3d 467 (A board of adjustment's decision is subject to judicial review under La. R.S. 33:4727(E) only as to whether the decision was arbitrary, capricious, or an abuse of discretion.)[9]

Additionally, Ms. Martin prayed for a writ of mandamus directed to the Board and/or the City/Parish to require the DeCuirs to comply with the zoning ordinance. This cause of action is not directed to the DeCuirs. *See* La. C.C.P. arts. 3861 and 3863, setting forth that a writ of mandamus may be directed to a public officer, not private individuals, to compel the performance of a ministerial duty required by law. Therefore, we find the trial court properly granted the DeCuirs' exception of no cause of action.

## DECREE

We affirm the portion of the March 2, 2023 judgment that sustained the peremptory exception of no cause of action in favor of Ronald and Richelle DeCuir and against Johnette Martin, dismissing Ronald and Richelle DeCuir from this proceeding, with prejudice. All costs of this appeal are assessed against Johnette Martin.

**AFFIRMED.**

---

[9] Ms. Martin did not request an opportunity to amend her petition to cure any deficiencies. *See* La. C.C.P. art. 934. Therefore, the issue is waived. *See Stolzle v. Clayton*, 2018-1641 (La. App. 1st Cir. 7/11/19), 280 So.3d 1240, 1244, *writ denied*, 2019-01745 (La. 1/14/20), 291 So.3d 679. We also note that amendment is not permitted when, as in this instance, it would constitute a vain and useless act. *Lift Louisiana v. State*, 2021-1453 (La. App. 1st Cir. 6/3/22), 343 So.3d 203, 209. Finally, the trial court specifically found that the grounds for the DeCuirs' exception of no cause of action cannot be cured by amendment. *See Palowsky v. Cork*, 2019-0148 (La. App. 1st Cir. 5/20/20), 304 So.3d 867, 875 ("The decision to allow amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court.")