930 So.2d 1207 (2006)
Cosmas Damien PREST, Plaintiff-Appellee
v.
PARISH OF CADDO, a Political Subdivision of the State of Louisiana Acting in and through the Caddo Parish Commission, Defendant-Appellee
Lennis Elston, Intervenor-Appellant.
No. 41,039-CA.
Court of Appeal of Louisiana, Second Circuit.
June 2, 2006.
*1208 Charrier & Charrier, by John O. Charrier, Jr., Alexandria, Alliance Defense Fund, by J. Michael Johnson, Cook, Yancey, King & Galloway, by Lee H. Ayres, Shreveport, for Appellant, Lennis Elston.
Tutt, Stroud & Bordelon, LLC, by Ansel M. Stroud, III, Shreveport, for Appellee, Cosmas Damien Prest.
Alex J. Washington, Charles C. Grubb, Shreveport, for Appellee, Parish of Caddo.
Before WILLIAMS, CARAWAY and LOLLEY, JJ.
*1209 WILLIAMS, Judge.
The intervenor, Lennis Elston, appeals a judgment in favor of the plaintiff, Cosmas Prest. The trial court reversed the decision of the Caddo Parish Commission ("Commission") to deny plaintiff a special exception use. For the following reasons, we reverse and render.

FACTS
Cosmas Prest owns a parcel of land located on Louisiana Highway 1 near the Port of Shreveport in Caddo Parish. In 2003, Prest was contacted by Robert Horn, a developer of truck-stop casino businesses, regarding the purchase of the property. Prest and Horn executed a contract for the sale of the property contingent upon Prest obtaining appropriate zoning and special use exceptions. Prest filed an application with the Metropolitan Shreveport Zoning Board of Appeals ("ZBA") seeking a special exception use pursuant to Caddo Parish Ordinance 51-1126, which provides that any use involving "the sale or dispensing of beverages of high or low alcoholic content . . . is a special exception use requiring the approval" of the ZBA and subject to such terms and conditions as the ZBA may specify.
After a public hearing, by a 4-3 vote, the ZBA granted Prest a special exception use permitting a truck-stop with gaming and the sale of alcoholic beverages on the property. An appeal of the ZBA decision was filed with the Commission on behalf of community residents by Reece Cox and Dennis Sims. During the public hearing, the Commission heard testimony from a number of individuals, including Lennis Elston, regarding the negative impact that the proposed truck-stop casino would have on the safety, morals and long-term economic welfare of the community and the surrounding property values. Several supporters of the special exception also spoke. The Commission voted 7-5 to reverse the decision of the ZBA, thereby denying Prest a special exception use to offer video poker and sell alcohol on the premises. However, the Commission subsequently voted to approve re-zoning of the property to I-1 Light Industry District, thereby allowing the development of a truck-stop on the property without gaming or alcohol.
In July 2004, the plaintiff, Cosmas Prest, filed a petition in district court alleging that the Commission's decision was arbitrary and capricious and that Caddo Parish Ordinance Section 51-49 was unconstitutional. At trial, Prest presented the testimony of four witnesses. Charles Kirkland, director of the Metropolitan Planning Commission, described the ZBA's procedure for evaluating requests for special use exceptions. Gary Joiner, who was accepted as an expert in history and demographics, opined that the proposed truck-stop would not have an impact on quality of life issues and would be compatible with the existing land use in the surrounding area. Major Fant, a lieutenant of the Caddo Parish Sheriff's Office, testified that the Sheriff had not experienced any problems with another truck-stop casino facility owned by Horn located near Oil City. Robert Horn, the owner of other truck-stops in northwest Louisiana, testified about the proposed facility. The Commission called Prest, who testified about the history of the property. After the close of testimony, the trial judge viewed the site of the proposed truck-stop.
In its oral reasons, the trial court found that the evidence at trial showed the lack of any legitimate public health, safety or welfare issues to support the Commission's action. The court concluded that the Commission acted in an arbitrary and capricious manner in overturning the decision of the ZBA. The court rendered judgment in favor of the plaintiff, vacating the Commission's *1210 decision and reinstating the ZBA's decision to approve the special exception use.
The Commission chose not to appeal the judgment. However, nine citizens and a homeowners' association filed a motion to appeal. After a hearing, the trial court found that a contiguous property owner, Lennis Elston, possessed standing to appeal the judgment.

DISCUSSION
Elston contends the trial court erred in reversing the decision of the Commission as arbitrary and capricious. Elston argues that based on the evidence presented, the Commission's decision was reasonable and was substantially related to the public health and safety of the parish.
Zoning is a legislative function, the authority for which flows from the police power of governmental bodies. King v. Caddo Parish Commission, 97-1873 (La.10/20/98), 719 So.2d 410. Courts will not interfere with this legislative prerogative unless the zoning decision is palpably erroneous and without any substantial relation to the public health, safety or general welfare. King, supra. Zoning ordinances are presumed valid. Papa v. City of Shreveport, 27,045 (La.App.2d Cir.9/29/95), 661 So.2d 1100, writ denied, 95-2544 (La.1/5/96), 666 So.2d 295.
A challenge to a zoning decision is a de novo proceeding in which the issue is whether the result of the legislation is arbitrary and capricious. Palermo Land Co., Inc. v. Planning Commission of Calcasieu Parish, 561 So.2d 482 (La.1990). The terms "arbitrary and capricious," when used in this type of situation, mean wilful and unreasoning action, absent consideration and in disregard of the facts and circumstances of the case. On the other hand, when there is room for two opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration, even though one may believe that an erroneous conclusion has been reached. King, supra; Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659 (La.1974).
The test of whether a zoning board's action is arbitrary or capricious is whether the action is reasonable under the circumstances. King, supra; Papa, supra. A reviewing court does not consider whether the district court manifestly erred in its findings, but whether the zoning board acted arbitrarily, capriciously or with any calculated or prejudicial lack of discretion. King, supra; Papa, supra. The property owner has the burden to establish by a preponderance of evidence that the decision by the Commission to deny the special exception has no substantial relationship to public health, safety, morals or general welfare of the municipality. King, supra. Whenever the propriety of a zoning decision is debatable, it will be upheld. Palermo, supra; Papa, supra.
In the present case, Prest contends the above-stated standard of review for the Commission's zoning decisions is not applicable when a party other than the Commission appeals. Citing Mike Marcello, Inc. v. Louisiana Gaming Control Bd., 04-0488 (La.App. 1st Cir.5/6/05), 903 So.2d 545, Prest points out that an intervenor takes the proceedings as she finds them and cannot urge matters that enlarge or change the issues presented. However, Prest has not shown that Elston's appeal has changed the relevant issue, which is whether the record reflects a rational basis for the Commission's zoning decision. Thus, the cases cited do not support Prest's contention that the standard of appellate review for decisions of the Commission must change because an appeal is filed by an intervenor rather than by the Commission itself.
*1211 In determining the reasonableness of the Commission's decision, we must review the opinions and concerns raised at the public hearing, as well as the testimony presented at trial. Expressions of opinion made by citizens to a legislative body serve as a manner by which the legislative body learns the will of the people and determines what may benefit the public good. King, supra; Four States Realty Co., supra.
Mike Johnson, an attorney representing a homeowners' association, stated that problems involving video poker at truck stops had been documented by national studies showing a relationship between gambling and the crime rate. Johnson expressed his belief that alcohol sales were not compatible with trucking. In addition, Johnson reported that half of the district attorneys in Louisiana had identified gambling as a factor that contributed to the increased crime rates in their jurisdictions.
Reverend Dennis Sims, of Ellerbe Road Baptist Church, stated that the sale of alcohol to truck drivers who then entered the state highway would reduce public safety, particularly in the area of the Port of Shreveport-Bossier. Reverend Sims said that the exception for gaming and alcohol should be denied to protect the moral climate of the community and that such a denial would not prevent the operation of a gas station at the site. Reverend Sims said denial of the special exception would serve the long-term economic interests of the parish and pointed out that more than 1,200 residents had signed a petition opposing the proposed truck-stop casino.
Lennis Elston stated that her family owned approximately 425 acres of land adjacent to the proposed truck-stop site. Elston told the Commission that video poker and alcohol sales would be inconsistent with her family's plan to build a residential development with a marina on their adjacent land.
Marty Stroud, an attorney representing Prest, stated that the project would not be in a neighborhood, that the facility would provide a needed service to truckers and provide increased tax revenue to the parish. Other supporters said that the truck-stop developer, Robert Horn, was a good individual whose other truck-stop casinos did not cause any problems.
After hearing the witnesses, Commissioner Brown moved that the Commission grant the appeal and reverse the ZBA's decision to approve the special exception use for gaming and on-site alcohol consumption. Brown stated that the exception should be denied for three reasons, community opposition, quality of life in the area and public safety concerns. Brown pointed out that Horn's character was not the issue, since zoning attached to the property.
Commissioner Webb stated that although there was no collection of residences within one mile of the truck-stop site at the present time, the southeast corridor at issue was the fastest growing area of the parish and he predicted that residential subdivisions would be built in the area within five years. Webb pointed out that portions of the property near the proposed truck-stop remained zoned for residence/agriculture uses and that gambling caused social problems that were often overlooked.
Commissioner Gillen stated that gambling and on-site alcohol sales were not necessary to operate a viable truck-stop serving the needs of truckers. Following the statements by the commissioners, they voted 7-5 to deny the special exception use.
As previously stated, at trial Prest attempted to refute the concerns raised at *1212 the public hearing with witness testimony. Gary Joiner testified that the nearest church was less than two miles from the site, that no organized housing units were closer than one mile and he opined that residential development would not be the most suitable use for the area because of drainage concerns. However, Joiner acknowledged that at the time of trial, a residential subdivision was under construction less than one mile from the proposed truck-stop casino.
Lieutenant Fant testified about patrol calls at another truck-stop casino owned by Horn located in north Caddo Parish. Fant stated that the majority of complaints at that site involved theft, but he was not asked to evaluate what impact operation of the proposed truck-stop would have on the rate of crime or traffic accidents in south Shreveport.
Robert Horn, who would own and operate the planned truck-stop casino, testified that the facility would have a 24-hour restaurant with alcohol consumption and video poker, a convenience store selling packaged liquor and a seven-acre parking lot. Horn acknowledged that he would not operate a truck-stop at the site without video poker and alcohol sales.
In his appellate brief, Prest asserts that the testimony presented at trial to refute the concerns raised at the public hearing was a sufficient basis for the trial court to reverse the decision of the Commission. This assertion is not supported by the applicable law. Prest's burden was not simply to rebut the concerns expressed by residents and commissioners, but to demonstrate that the Commission's decision to deny the special exception did not have any substantial relationship to the public health, safety and welfare.
After reviewing the entire record, we conclude that the Commission acted after considering the costs and benefits to the public that would result from approval of the special exception use, including the safety and health implications of increased gambling and alcohol consumption. In addition, the comments of commissioners who voted to deny the exception reflected a decision that gambling and alcohol sales would not be compatible with the expected need for future residential development in the area surrounding the proposed facility. The testimony of Joiner demonstrated that this was a reasonable consideration since a new residential subdivision was being built in close proximity to the site.
Thus, Prest failed to satisfy his burden of proving by a preponderance of evidence that the Commission's decision lacked a substantial relationship to public health, safety, morals or the general welfare of the community. Consequently, we cannot say that the Commission's decision to deny the application for a special exception use was arbitrary or capricious under the circumstances of this case. Accordingly, we shall reverse the trial court's judgment.

CONCLUSION
For the foregoing reasons, the trial court's judgment is reversed and the Caddo Parish Commission's decision denying the special exception use is hereby reinstated. Costs of this appeal are assessed to the appellee, Cosmas Prest.
REVERSED AND RENDERED.
CARAWAY, J., concurs with written reasons.
CARAWAY, J., concurring.
I file this concurrence to address an issue of procedure brought into focus by the unusual posture of this appeal. I agree with the majority ruling in all respects. The decision of our Supreme Court in King v. Caddo Parish Commission, 97-1873 (La.10/20/98), 719 So.2d 410, mandates this legislative deference by the courts, there being no showing of non-uniform *1213 application of the zoning regulation in the denial of this special exception use.
The first appeal in the procedural process of this matter occurred when the applicant, Prest, prevailed before the Zoning Board of Appeals ("ZBA"). Section 51-49 of the Caddo Parish Code of Ordinances is entitled, "Appeals from Decisions of Board of Appeals," and addresses the notice to which parties to a zoning dispute are entitled. The ZBA decision is appealed to the Caddo Parish Commission for review. Section 51-49 contemplates that the "request/appeal" is filed by the applicant (who lost before the ZBA) or "property owners" or "any person aggrieved." Notably, written notice of the appeal to the Commission is provided to "all person(s) who publicly addressed the board members at the public hearing before the board of appeals." Nevertheless, while Section 51-49 further addresses the appeal of the Commission's ruling to the district court, it does not attempt to lay out a list of parties who may be necessary defendants in that action. It is readily apparent that in a situation where the applicant loses at the ZBA, but is successful at the Commission (after notice to all opponents), the opponents could not simply sue the Commission in district court without any notice to the applicant. This was the issue in Lanaux v. City of New Orleans, Bd. of Zoning Adjustments, 489 So.2d 329 (La.App. 4th Cir.1986), where the court determined the applicant was an indispensable party in the appeal to the district court. Lanaux indicates that private parties who prevail with their zoning claims in the stage of the proceedings before appeal to the district court are entitled to at least notice of the district court proceeding and may be indispensable parties to the suit.
Prest's suit (appeal) at the district court, brought solely against the Commission, failed, in my opinion, to give notice to two persons, Reece Cox and Dennis Sims, who were themselves parties to these proceedings. Cox and Sims had filed the first appeal of the ZBA decision and thus presented the matter to the Commission, seeking reversal of that ruling. Upon this appeal to the Commission, they were not challenged by Prest for lack of standing, procedural capacity, or no right of action, and the merits were decided in their favor. Therefore, Cox and Sims thus became parties in this action. Nevertheless, ultimately, ironically, and erroneously, Cox and Sims were omitted from the district court action altogether, and in their late attempt to intervene, after the district court's ruling against their interests, they were denied standing for this appeal.
Upon their request for intervention and the right to appeal pursuant to La. C.C.P. art.2086, the district court should have recognized the standing of Cox and Sims as parties, indispensable to the action, and on its own motion, pursuant to La. C.C.P. art. 927(B), noticed their nonjoinder and allowed the reopening of trial for presentation of a defense. This is particularly appropriate because of the virtual lack of defense presented at trial by the Commission. It was also significant for this case because, unlike the legislative/adjudicatory process at the Commission, the trial court received no direct expressions of concern from the community which, according to King, supra, are appropriate and relevant for the measure and adjudication of the "public health" and "general welfare."
The foregoing procedural flaws need not be the basis of a peremptory exception of nonjoinder by this court. The ruling of the Commission was not arbitrary and capricious, and our reversal on the merits may be rendered.