DREW, J.
| xPIaintiffs[1] appeal from a judgment rejecting their tort claim for wrongful denial of a building site plan and dismissing their lawsuit against the City, of Shreveport. We affirm.
FACTUAL BACKGROUND
Plaintiffs are commercial property developers who sought to build a Dollar General store[2] on a 1.13-acre lot at the intersection of Jefferson Paige Road and Pines Road in Shreveport. The property in question is zoned B-3, Community Business District, and the construction and, operation of such a store on the property is a “use by right” within this zoning classification. . A Family Dollar store was already in operation across the street on property with a more restrictive zoning classification.
Before buying the property and building the .store, the plaintiff?, had to obtain approval of the City of Shreveport for, among other things, a site, plan and a subdivision plan. .A site plan is an overhead view of the property that describes the- improvements to be built thereon; a subdivision plan is a graphical depiction of property, boundaries and rights of way.
*460 The plaintiffs created these plans for the proposed store and submitted them to the Shreveport Metropolitan Planning Commission (“MPC”). MPC’s staff reviewed the plans and generated a land use report in order to aid the full MPC in making its decision about the plans, and the land use report found no problems with the submitted plans.
li>On May 2, 2012, the MPC held a public hearing on the plans. Even though the store was a use by right for the property, the MPC nevertheless expressed concerns about the similar store in operation across the street and about the building facade and the proposed landscaping. The Board voted to defer consideration of the plan to give the developers time to address these concerns.
On June 6, 2012, the plaintiffs returned to the MPC with an improved site plan including an upgraded facade and landscape plan. After a second public meeting, where several people opposed the construction of the new store, the MPC unanimously rejected the upgraded plan on the grounds that
• the plan did not comply with recently proposed zoning suggestions in the City’s “2030 Master Plan,” and
• the consensus was that the site was too small to accommodate the proposed use.
The plaintiffs appealed that decision to the Shreveport City Council. The Council unanimously upheld the MPC’s action, citing resident complaints and the small size of the lot vis-a-vis delivery truck traffic. Specifically, Councilman Samuel Jenkins said at the hearing:
And I really think that [the size of the property vis-a-vis the proposed use is] the big problem. I think the MPC is correct. I just wanted to say for the record, that not only did I talk with the residents, I did talk with the attorneys for the developer and I did go out and take a look at the site. I’m familiar with the area, and I believe the MPC is correct on this, where you’ve got a somewhat small commercial lot, and when you start putting a structure on there, required parking, start giving consideration to the trucks that have to come there and load and unload, as well as the parking that’s going to be going on with the individual patrons that’s there. It’s got too small of a lot to execute the plan that they are trying to put in place. I also think that the residents have made some valid arguments concerning the potential blight that could come into the neighborhood. |sBecause for whatever reason there may be, and I’m not trying to knock Dollar General or (inaudible), it appears these stores run for a while and then they become vacant and the building remains vacant, and I think a testament to that is the Family Dollar they can see across the street from where this particular proposed site is. And then there are public safety issues there after you start having 18-wheelers and traffic there, to kinda fill out into the street. So I think there are some valid reasons that have been put forth and it’s not an arbitrary type situation.
Plaintiffs appealed that denial to the First Judicial District Court, asking the court to approve the initial site plan, which was less expensive for the developers to build. On February 28, 2013, the district court overturned the Council’s decision, approving the originally submitted site plan. The City refused to waive its appeal rights at the time of the judgment, although a month later the City told the plaintiffs that it would not appeal.
ACTION IN THE TRIAL COURT
On April 1, 2013, plaintiffs filed the instant suit against the City of Shreveport *461 and the MPC.[3] They argued that the proposed site was already zoned for the retail store, that the adjacent Family' Dollar store had been approved by the City despite more restrictive B-2 zoning, and that the City’s wrongful denial of the site plans caused them to lose their opportunity to develop the Dollar General store. They alleged that the City’s reasons for denying the site plans were “contrived” and that the defendants’ actions were malicious and intentional. Plaintiffs sought damages against the defendants for the loss of this business opportunity.
14The case was tried on July 31, 2014. Plaintiffs first called a civil engineer/land surveyor, Frank Raley, who was part of the team that created the site plans. Ra-ley said that the proposed store was a use by right under the zoning for the property and that other Dollar General stores had been approved with’ the' same basic designs. Among other things, he testified that the site plan was appropriate even in light of potential truck traffic. Plaintiffs next called Craig Scott Cole, a developer employed by plaintiff GBT. He explained that GBT ultimately did not purchase the property for the store because it was unable to obtain the necessary permits and approvals from the City. However, he also explained that after the district court reversed the City Council’s decision, Dollar General requested an additional change to the original site plan to change access to the store prior to agreeing to enter into the transaction. GBT did not pursue Dollar General’s requested change because, according to Cole, time had run out on the parties’ due diligence period.
The City called Steven Gene, an employee of the MPC, who described the organization and function of the MPC and the process by which that entity approves site plans. Gene prepared the original land use report and explained that he did not find any violations of Shreveport ordinances for the plans. The City’s last witness was City Councilman Sam Jenkins, who explained that use by right zoning does not equate to the automatic approval of a site plan by the City. He explained that public safety, traffic flow, esthetics, the impact on nearby property, drainage, noise and excessive lighting were all concerns relevant to the approval of site Isplans even where zoning was proper. Jenkins also ■ explained that the ■ Dollar General plans were denied because, in his view, the size of the lot did not accommodate the proposed use.
The district court reconvened for a ruling on the record on August 6, 2014. The court concluded that ■ the ■ plaintiffs could not recover damages Under these facts by operation of La. R.S. 9:2798.1. The court found that despite thé use by right zoning for the property, the City had discretion to disapprove the site plan, particularly in light of the provisions of the Shreveport City Code governing the approval process that ensure a safe, efficient, attractive and well-ordered community. The trial court concluded that the City merely exercised its discretion under the applicable rules and did so in light of the policymaking considerations. cited by Councilman Jenkins. , The trial .court further observed that the plaintiffs’ deal fell apart after the district court ordered the plan approved because Dollar General and GBT disagreed about the need for further modification of the court-approved original plan and GBT decided not to pursue the changes that Dollar • General requested. Accordingly, the trial court rendered judg *462 ment in favor of defendants, dismissing plaintiffs’ action against the City[4], and the plaintiffs appealed.
DISCUSSION
On appeal, the plaintiffs argue that the trial court erred in concluding that La. R.S. 9:2798.1 shields the City from liability. They urge that the City has no discretion to- disapprove a site plan in use by right cases and, 16even if it .did have discretion, the . City exercised that discretion without regard for any legitimate objecr tive. Further, the plaintiffs argue that the trial court erred in .concluding that the City did not cause their damages even if the City was not shielded by the immunity statute.
On at least three prior occasions, denials of building site plans by the City - of Shreveport have come before this Gourt, Although the instant case is a tort action and not a disapproval vel non case, jurisprudence involving disapproval of use by right is informative to determine the City’s exposure to tort liability for its actions.
In 2009, this Court decided two disapproval cases: D'Argent Properties, LLC v. City of Shreveport, 44,457 (La.App.2d Cir.6/24/09), 15 So.3d 334, writ denied, 2009-1726 (La.11/6/09), 21 So.3d 308; and Urban Housing of America, Inc. v. City of Shreveport, 44,874 (La.App.2d Cir.10/28/09), 26 So.3d 226, writ denied, 2010-0026 (La.4/23/10), 34 So.3d 269.
In D'Argent, the MPC approved a site plan for the construction of a Sonie Drive-In restaurant on Youree Drive in Shreveport; the property in that case was zoned B-3 and the restaurant was a use by right. However, vocal community opposition to the restaurant along with concerns about increased traffic and diminished property values led the City Council to overturn the MPC’s approval. The district court upheld the City Council’s ruling, but this Court reversed and reinstated the MPC’s approval. This Court observed that zoning regulations and procedures- must be construed in favor of the use proposed by the owner and that the actions of a zoning ^commission will nót be disturbed on judicial review unless the court finds that they were plainly and palpably unreasonable, arbitrary, an- abuse of discretion, or an unreasonable exercise of police power. Further, this Court recognized the purpose of, the MPC, which is charged with reviewing “the location of uses with unique characteristics which may be necessary or appropriate within a given district but which might.;otherwise adversely impact future development, existing nearby properties or the community!/]” Shreveport Code of Ordinances § 106-44(a)[5]. This Court observed that the MPC approved the 'restaurant’s‘ site plan only after the plan was amended to correct the deficiencies of the original plan regarding the community’s. concerns. This Court concluded:
We cannot affirm the district court’s implicit finding that the MPC’s action was plainly and palpably unreasonable, arbitrary, an abuse of discretion, or an unreasonable exercise of police power.
In so ruling, this Court opined that:
The use by right should be presumptively valid and approved. FN2. For the council to deny such a use, the burden *463 on the,city--.is much higher. On judicial review, the council’s decision to deny a use.by right:is subject to strict scrutiny, not the normal standard -of broad discretion applied to variance cases.
[[Image here]]
FN2. Other jurisdictions have reached this conclusion. Hessee Realty Inc. v. City of Ann Arbor, 61 Mich.App. 319, 282 N.W.2d 695 (1975), held that once ■the requirements of statute, ordinance and regulation have been satisfied, the planning commission “must approve” the site plan, and “the same limitations apply to the City Council.”. Bateson v. Geisse, 857 F.2d 1300 (9 Cir.1988) held that the denial of a building permit after the owner has satisfied all I ¿requirements was “an arbitrary and capricious action” with due process implications.
Next, in Urban Housing, Supra, this Court addressed the City’s denial of a use by right subdivision 'plan that fully conformed with the zoning plan for the property. The district court affirmed the denial of the plan, citing Prest v. Parish of Caddo, 41,039 (La.App.2d Cir.6/2/06), 930 So.2d 1207, and the . City’s “virtually boundless discretion.”
This Court disagreed,: distinguishing Prest as a ease where the requesting party sought a variance to already established zoning; in DArgent and Urban Housing,the denied use was a use by right -under existing zoning rules. This Court then examined the record that led the City to deny the subdivision plan. Notably, the City had approved two phases of the subdivision but denied the third phase; this Court observed:
The fact that the MPC and council approved the first two phases of Greenwood Villa and then denied the third, in the absence of a showing of any significant difference in the plans, creates a strong .appearance of arbitrary and capricious governmental action.
Further, this Court-found that some of the proffered reasons found little support in the record, and finally concluded that other proffered reasons were factual but:
do not satisfy the constitutional requirement under Art. 6, § 17, of' “uniform procedures established by law” or meet the heightened burden of denying a fully compliant applicant, recognized in D’Argent, supra.
In 2013, this Court was sharply critical of the City’s denial of another use by right site plan in WRW Properties, LLC v. City of Shreveport, 47,657 (La.App.2d Cir.1/16/13), 112 So.3d 279. In that case, the MPC approved jaa site plan for construction' of a building on an industrially zoned property; a similar building plan for a “strikingly similar” building had been approved only eight months before. However, the City Council overturned the’ MPC’s approval in response to concerns from neighboring residential property owners and one citizen who raised:
several incorrect claims that are. belied by documentary filings, as well as by basic common sense. His objections were actually putative zoning issues and were inappropriate to this situation.
Footnote omitted.. This Court concluded that the record in that case did not demonstrate compliance with Shreveport Code of Ordinances § 106-44, and, stressed that zoning regulations must be uniformly applied., In conclusion, this Court stated:
This arbitrary action of the Shreveport City Council is contrary to law and adverse-to our basic precepts of equal protection and due process. The plaintiff here sought no variance and no re-zon,ing. What the plaintiff corporation wanted to. do was ,to utilize its property in strict compliance with all zoning ordi *464 nances, after making the changes required by the Metropolitan Planning Commission. The plaintiff is entitled to exercise its use by right.
Emphasis in original.
What these cases demonstrate is that a municipality must abide by its own zoning ordinances and apply them consistently through the site and subdivision plan approval process without “looking at each situation on a purely ad hoc political basis.” WRW Properties, supra. However, importantly, the cases further establish that a municipality has the discretion to act within the ambit of the zoning ordinances so long as that discretion is not exercised arbitrarily and capriciously. A municipality retains the Indiscretion to deny a site or subdivision plan submitted in accordance with use by right zoning, but that denial is subject to strict scrutiny and the zoning ordinances and actions will be construed in favor of the use proposed by the owner.
Thus we reject the appellants’ contention that the City had “no” discretion to deny their site plans for the construction of the Dollar General store. However, the next inquiry is whether the City can be held liable for damages for its wrongful denial of the original site plan.
La. R.S. 9:2798.1 provides:
A. As used in this Section, “public entity” means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instru-mentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal (n articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.
The record supports the district court’s conclusion that the City’s action in this ease, although ultimately overturned, was a discretionary act genuinely based in the City’s attempt to ensure that the use of the property comported with the public interest in a safe and well-ordered community. Unmistakably, some of the City’s proposed justifications for denying the plans were improper; for example, the plans’ failure to comply with potential future land use rules was never a proper consideration. The City — again—failed to give the proper respect to the use by right zoning for this property.
However, the City had some discretion in the choice to approve the site plans, and that choice was based in part upon various reasonable grounds such as the plans’ provision for access into and out of this type *465 of store and the detrimental effect on traffic, and thus public safety, that the proposed access allowed. The subsequent judicial determination that these concerns were inadequate to deny the plan does not equate to a finding that the City’s action based on those concerns was “not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists.” Likewise, the district court’s conclusion that the City’s actions were related to its legitimate objectives and not misconduct was, on this record, not plainly wrong. In this case, the store tenant, Dollar General, itself did not approve the site plan after it had been approved by the district court; instead, the retailer asked the plaintiffs to change the site plan’s proposed access to the property prior to agreeing to a L ¿final plan.[6] Clearly the access issue was a genuine concern for all of the parties here.
In no way is this conclusion intended to diminish the strict scrutiny that must be given to the disapproval of use by right site plans upon direct review. However, recovery of tort damages against a public entity, even for a wrongly denied use by right case, requires proof of wrongdoing not found in this case.
CONCLUSION
Because we conclude that under the facts presented here, the City was entitled to immunity, we do not reach the plaintiffs’ argument concerning the trial court’s decision on damages. With the costs of this appeal assessed to appellants, the judgment is AFFIRMED.

. GBT Realty Corporation, a Tennessee corporation; Shreveport (Jefferson Paige) DLP VIII, L.L.C., a Louisiana limited liability company; and Franklin Land Associates, L.L.C., a Tennessee limited liability company. ■ •

. The normal game plan is .that plaintiffs acquire .the property, build the store, and then lease it to Dollar General.

. According to the plaintiffs, the delay in approval of the plans caused their deal to build the store to fall apart,

. The MPC was dismissed as a defendant on July 17, 2013, upon the City’s exception of lack of procedural capacity for that agency.

. Shreveport City Code § 106-44, "Planning Commission Approvals," states the intent to provide "a safe, efficient, attractive and well-ordered community” based on development that is “designed, constructed, operated and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity.”

. Had plaintiffs updated the court-approved original plan so as to address Dollar General’s concerns, then that revised plan would been presented to the MPC, once again triggering the City's structured approval process.